UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEI PORTNOY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Defendant. | No. 2:19-cv-01504-TLN-CKD PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF No. 2.) This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

I. Allegations in Plaintiff's Complaint

In this action, plaintiff "demand[s] determination for void tentative ruling and judgment"

1

in a state court action. (ECF No. 1 at 2.) According to plaintiff's complaint, he filed a complaint in Yolo County Superior Court alleging causes of action for defamation, intentional infliction of emotional distress, and loss earnings and future earnings against Carmen Alba, Perri Newel, and Veolia/Transdew. (Id.) Plaintiff alleges that Yolo County Superior Court Judge Arvid Johnson issued a tentative ruling declaring plaintiff a vexatious litigant and holding plaintiff's complaint fails to state facts sufficient to state a cause of action. (Id. at 3, 5.)[1] Plaintiff further alleges that Judge Timothy L. Fall committed fraud upon the court "because of his unconscionable scheme(s) to make misrepresentation(s), corruption of a court official and judicial fraud" when he denied a motion to vacate a tentative ruling. (Id. at 6–7.) Finally, plaintiff alleges that Judge Thomas E. Warriner "continued fraud upon the court" in denying plaintiff's motion to void the tentative ruling. (Id. at 9–10.) Based on these denials, plaintiff claims that the three judges denied his First, Seventh, and Fourteenth Amendment rights and named the State of California as the sole defendant in this action. (Id. at 10–11.) On these grounds, plaintiff demands that the state court tentative ruling and judgment be voided, that a state court case be reopened, and that the three named state court judges be declared "trespassers of the law and crooks." (Id. at 12.)

II.     Legal Standard

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (holding the Eleventh Amendment prohibits federal jurisdiction over suits against states unless the state unequivocally consents to the suit)). This jurisdictional limitation applies regardless of whether plaintiff seeks damages or injunctive relief. Pennhurst State Sch., 465 U.S. at 102 (citing Cory v. White, 457 U.S. 85, 91 (1982)).

////

---

[1] The court notes that plaintiff has been declared a vexatious litigant by this court in an action against the same three defendants. See Portnoy v. Veolia Transportation Services, Inc., et al., Case No. 2:13-cv-00043-MCE-EFB, ECF No. 67 (order declaring plaintiff a vexatious litigant as to defendant Veolia Transportation Services, Inc. and requiring that plaintiff seek permission from the court prior to filing any future suits against this defendant).

III.     Analysis

Here, plaintiff attempts to sue the State of California in federal court. However, the State of California is entitled to sovereign immunity under the Eleventh Amendment and plaintiff fails to show any waiver of such sovereign immunity. See Dittman v. California, 191 F.3d 1020, 1025–26 (9th Cir. 1999) ("State of California has not waived its Eleventh Amendment immunity . . . in federal court."). Accordingly, the Eleventh Amendment bars plaintiff from bringing any claims against the State of California, the complaint fails to state a valid claim for relief against the State of California, and dismissal is proper.

IV.     No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105–06 (affirming dismissal and finding the plaintiff's "theories of liability either fall outside the limited waiver of sovereign immunity by the United States, or otherwise are not within the jurisdiction of the federal courts").

The undersigned finds that, as set forth above, defendant is immune from liability and the complaint does not identify a waiver of sovereign immunity. As it appears amendment would be futile, the undersigned will recommend that this action be dismissed without leave to amend.

////
////
////
////

V.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be dismissed without leave to amend; and
2. The case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 8, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 portnoy1504.ifp.dismissal